DREW<br>v.<br>ROBERTSON.

*Judgment affirmed.*

---

## Muir, Syndic, *v.* Henry et al.

The validity of a sheriff's sale cannot be tested by a rule, taken by the purchaser on the plaintiff in execution, to show cause why the adjudication should not be set aside.

A debtor in whose possession property is seized to satisfy his vendor's mortgage, who, after notice of the proceedings, appears at the sale and purchases the property, cannot afterwards complain of any irregularities in the proceedings, nor can they affect the title to the property in his hands.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.

*Elmore* and *W. W. King*, for the plaintiffs. A rule is not the proper remedy to set aside a sheriff's sale; the remedy is by an action against the possessor of the property. Where the debtor is himself the purchaser he cannot bring suit. He possesses by a good title, because he is in no danger of eviction. The informalities in the sheriff's sale, if any, were cured by the debtor's appearance and purchase of the property. 1 An. R. 11. C. C. arts. 1810, 1811, 1812. 1 Story's Equity, p. 385 and note.

*Holland*, for the appellants.

The judgment of the court was pronounced by

King, J. The defendant became the purchaser at a syndic's sale of a house and lot, together with seventy shares of the capital stock of the Citizens' Bank, for which the property was mortgaged. A part of the price was paid in cash; and, to secure the notes given for the residue, a mortgage was retained by the syndic. The notes not having been paid at their maturity, the syndic obtained an order for the seizure and sale of the hypothecated property, in virtue of which the sheriff seized the house and lot, and, after the usual advertisements, offered them for sale, but there was no adjudication, for the want of bidders; they were not readvertised for sale at twelve-months, but, after the lapse of a short time, a second seizure was made of the mortgaged property, together with the seventy shares of stock, all of which were offered for sale for cash, but failing to bring two-thirds of their appraised value, they were not adjudicated, They were readvertised for sale, at twelve-months' credit, and adjudicated to the defendant, *Henry*, who promised to furnish his bond for the price, with *Jonathan Davis* as his surety. Subsequently, however, he declined giving his bond, and took a rule on the syndic to show cause why the adjudication should not be set aside, on the ground that the sheriff had no authority to make the seizure and sale. This rule was discharged. The plaintiff then took a rule on the defendant and *Davis*, to show cause why they should not execute their twelve-months' bond for the price of the adjudication, and this rule was made absolute. From the judgments rendered on these rules the defendants have appealed.

MUIR
*v.*
HENRY.

There is no error, in our opinion, in the judgment appealed from. We are not prepared to recognise the defendants' right to test the validity of the sheriff's sale on a rule. Admitting, however, for the purposes of the present investigation, that the proper remedy was resorted to, the appellants have not presented a case which entitles them to the relief for which they ask. No specific cause of nullity is alleged. The averment is, in general terms, that the sheriff was without authority, but wherein his authority was defective is not stated. The officer appears to have been acting in virtue of a writ legally issued, under a judgment rendered by a competent tribunal and unappealed from. If there were irregularities, however, the defendant *Henry* cannot complain of them, nor can they affect the title to the property in his hands. He was the debtor, and the property was seized in his possession to satisfy the vendor's mortgage. He had notice of the proceedings, and with a knowledge of the sheriff's acts became the purchaser. No other party complains of having sustained injury by reason of irregularities in the proceedings; and the appellant *Henry*, by appearing at the sale, bidding, and becoming the purchaser, waived and cured all defects, if any existed.

The evidence shows that *Davis* promised to become the surety of the defendant on a twelve-months' bond, in the event of the latter's becoming the purchaser of the property. *Davis* has not objected to the propriety of the proceedings against him by rule.                                    *Judgment affirmed.*